UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:16-cv-80502-BB

JUSTIN BOUTON, individually and on
behalf of others similarly situated,

Plaintiff,

v.

OCEAN PROPERTIES, LTD.,
a foreign corporation, OPROCK
JUPITER FEE, LLC, a foreign limited
liability company, OPROCK JUPITER
TRS, LLC, a foreign limited liability
company, and GHM JUPITER, LLC, a
foreign limited liability company,

Defendants.
_____/

**DEFENDANTS OPROCK JUPITER FEE, LLC AND OPROCK JUPITER
TRS, LLC'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

Defendants Oprock Jupiter Fee, LLC ("Oprock Fee") and Oprock Jupiter TRS, LLC ("Oprock TRS") (together, the "Oprock Defendants") move to dismiss Plaintiff's Second Amended Class Action Complaint for Violations of the Fair and Accurate Credit Transactions Act (the "SAC"), and state:

**I.     INTRODUCTION**

Plaintiff seeks to impose liability on the Oprock Defendants under the Fair and Accurate Credit Transactions Act ("FACTA"). Plaintiff's lawsuit against the Oprock Defendants should be dismissed under Rule 12(b)(6) for failure to state a claim. Plaintiff casually groups the Oprock Defendants together with the resort's manager, Defendant GHM Jupiter LLC ("GHM"), and Ocean Properties Ltd. ("OPL"), and attempts to hold all four Defendants liable for a

purported FACTA violation. Plaintiff fails to specifically allege that the Oprock Defendants (or even GHM or OPL) accepted the credit cards of Plaintiff and the purported class, printed out noncompliant receipts and provided those receipts to Plaintiff and the purported class at the point of sale. Plaintiff's SAC fails to comport with basic pleading requirements, leaving the Oprock Defendants to guess at what theory of liability Plaintiff is proceeding under and which entity engaged in what conduct.

Nor does Plaintiff's SAC allege alternate bases of the Oprock Defendants' liability. Plaintiff makes no allegations sufficient to disregard the Oprock Defendants' corporate separateness or pierce the corporate veil. Plaintiff fails to allege that the Oprock Defendants bear vicarious liability for any purported FACTA violation.

Finally, Plaintiff's claim against the Oprock Defendants should be dismissed because Plaintiff has failed to seek leave to add additional parties. The deadline for adding parties passed on August 16, 2016.

## II. THE CLAIM AGAINST THE OPROCK DEFENDANTS SHOULD BE DISMISSED UNDER RULE 12(b)(6)

### A. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes courts to dismiss a complaint for failure to state a claim upon which relief can be granted. In *Bell Atlantic Corp. v. Twombly*, the Supreme Court of the United States held that a claimant must plead "enough facts to state a claim to relief that is plausible on its face." 550 U.S. 544, 570 (2007). Later, in *Ashcroft v. Iqbal,* the Supreme Court explained that, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 129 S.Ct. 1937, 1949 (2009). A complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause

of action will not do." *Bell Atlantic*, 550 U.S. at 555.  Likewise, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)).

In ruling on a Rule 12(b) motion, a court can consider the facts contained in the complaint, exhibits to the complaint, and documents referred to in the complaint that are central to the claim.  *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).  The Court can also properly take Judicial Notice of the public records, pursuant to Federal Rule of Evidence 201(b)(1), because they are recorded, official records and not subject to reasonable dispute.  *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1279 (11th Cir. 1999).  Consideration of judicially noticed public records at the motion-to-dismiss stage does not convert a motion to dismiss into a motion for summary judgment.  *See Horne v. Potter,* 392 Fed. App'x, 800, 802 (11th Cir. 2010).

Finally, where the court finds that a claimant's claims cannot be amended to meet the pleading threshold, dismissal should be with prejudice.  *See Pierce v. Union Planters Bank, N.A.*, No. 02-21835-CIV-HUCK, 2002 WL 31750246 at *2 (S.D. Fla. Sept. 26, 2002) (dismissing a RICO claim with prejudice because the plaintiff could not amend the claim to allege the necessary elements of the claim).

B.   **The SAC Should Be Dismissed Because Plaintiff Indiscriminately Groups Defendants Together**

Plaintiff fails to satisfy Rule 8 because he improperly lumps all Defendants together and fails to distinguish their conduct.  "To satisfy the notice pleading standard under Rule 8, a

3

complaint must set forth a short and plain statement of the facts upon which the claim is based that is sufficient to give the defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest." *Lane v. Capital Acquisitions & Mgmt. Co.*, No. 04-60602, 2006 WL 4590705, at *4 (S.D. Fla. Apr. 14, 2006). Where, as here, defendants are lumped together without a factual basis to distinguish their conduct, the complaint fails to satisfy the minimum standard of Rule 8 and should be dismissed. *See id.* at *5 ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, the Lanes' Complaint fails to satisfy the minimum standard of Rule 8").

In the SAC, Plaintiff identifies the Defendants as separate legal entities, but then states that "Defendants OPL, Oprock Jupiter Fee, Oprock Jupiter TRS and GHM Jupiter are referred to herein collectively as 'Defendants.'" *See* SAC at ¶¶ 5-9. Plaintiff makes no specific reference to any actions taken by the Oprock Defendants, and fails to identify what conduct is attributable to which Defendant. That failure is significant because liability under FACTA turns on who directly engaged in the violative conduct; specifically, who printed the alleged violative receipt and provided it to the customer. *See* 15 U.S.C. 1681c(g). Instead of identifying the specific entity, Plaintiff relies on conclusory allegations that "Defendants" printed the receipts, and "Defendants" provided them to Plaintiff and others. *See* SAC at ¶¶ 40, 71. That is not permissible under Rule 8.[1]

---

[1]   As an additional example, the improper grouping of Defendants is particularly apparent where Plaintiff alleges that "Defendants" were previously sued for violating FACTA, when the exhibits attached to the SAC show that neither Oprock Defendant had been sued in that case. SAC at ¶ 73. *See Court Appointed Receiver of Lancer Offshore, Inc. v. Citco Group Ltd.*, No. 05-cv-60080, 2011 WL 1233126, at *2 (S.D. Fla. Mar. 30, 2011) (finding the receiver failed to satisfy Rule 8, explaining "[t]his lumping technique 'creates confusion and make the analysis [of the complaint] unnecessarily burdensome,' and results in the Receiver making accusations that are 'just not accurate'").

Plaintiff does not allege any proper reason for treating Defendants as one entity. Plaintiff does not allege that Defendants are alter egos, and Plaintiff's allegation that Defendants acted as a "unitary enterprise" is conclusory and insufficient to justify lumping Defendants together. SAC at ¶ 10. In *Cellco Partnership v. Plaza Resorts Inc.*, for example, the court found that the plaintiff failed to satisfy Rule 8 where the defendants were improperly lumped together, even though the plaintiff alleged that the defendants were "affiliated" and "acted in concert." *See* No. 12-cv-81238, 2013 WL 5436553, at *7 (S.D. Fla. Sept. 27, 2013). In dismissing the complaint, the court explained:

> Defendants are correct that the Complaint impermissibly lumps Defendants together. Each Defendant is alleged to be distinct legal entities, but the Complaint does not adequately explain under what theory of liability Plaintiff is proceeding under. Although the Complaint states that the entities are 'affiliated' and 'act in concert' with each other, these statements are simply too conclusory.

*Id.* Similarly, in *Stansell v. BGP, Inc.*, the court dismissed the complaint for failure to satisfy Rule 8, explaining that the conclusory allegation that defendants were alter egos did not justify lumping the defendants together because "allegations of alter ego must be supported by facts. The single conclusory allegation of alter ego is insufficient to overcome the improper pleading." No. 8:09-cv-2501, 2010 WL 2791850, at *1 (M.D. Fla. Jul. 14, 2010) (citation omitted). Here, there is no factual support for disregarding corporate separateness. Accordingly, the Court should dismiss the SAC for failure to satisfy Rule 8.

C.  **Plaintiff Fails to Allege that the Oprock Defendants are Liable for the Alleged FACTA Violation**

FACTA requires the truncation of credit card and debit card numbers and expiration dates on receipts printed and provided to the cardholder. As this Court recognized in dismissing the First Amended Complaint against OPL, "[i]t is axiomatic that a FACTA complaint must sufficiently allege that the listed Defendant is liable for the alleged wrong." D.E. 44 at 6. Under

5

the plain meaning of section 1681c(g), liability can only be imposed on the entity that both (a) accepts credit or debit cards for the transaction of business, and (b) printed and provided the customer receipt in question at the point of sale:

> (1) In general
>
> Except as otherwise provided in this subsection, *no person that accepts credit cards or debit cards for the transaction of business* shall print more than the last 5 digits of the card number or the expiration date upon any receipt *provided to the cardholder at the point of the sale or transaction.*
>
> (2) Limitation
>
> This subsection shall apply only to receipts that are electronically printed, and shall not apply to transactions in which the sole means of recording a credit card or debit card account number is by handwriting or by an imprint or copy of the card.

15 U.S.C. § 1681c(g)(1)-(2).

Thus, in order to be held liable, the Oprock Defendants would have to (1) have accepted the cards, printed the non-complying receipts and provided them to the cardholders at the point of sale, or (2) be liable for another's such conduct. Plaintiff fails to allege that the Oprock Defendants engaged in such conduct, or that they are liable for any alleged violations by another entity under theories of veil piercing or vicarious liability.

      1.      **Plaintiff Fails to State a Claim for Direct Liability**

Plaintiff fails to allege that the Oprock Defendants accepted credit or debit cards for the transaction of business, that they printed the non-complying receipts or that they provided them to the cardholders at the point of sale. Oprock Fee owns the Resort property and leases the property to Oprock TRS. SAC at ¶¶ 6, 7. As Plaintiff acknowledges in the SAC, the Oprock Defendants do not operate or manage the Resort where the receipt was printed. SAC at ¶ 8.

Nothing in the statute provides that mere ownership or leasing of the property on which the violation occurs subjects the owner or lessee to liability under FACTA.[2]  Plaintiff relies on the conclusory allegations that "Defendants" accept credit cards from all major issuers," that "Defendants" printed the receipts, and that "Defendants" provided them to the customer at the point of sale.  But there is no specific allegation that the Oprock Defendants did any of these things.

Indeed, the factual allegations, exhibits to the SAC, the management agreement incorporated by reference in the complaint, and public records show that such allegations are not plausible.  Plaintiff acknowledges that the Oprock Defendants' "stated corporate purpose is limited to real estate investment," and that the Oprock Defendants do not manage the Resort.  SAC at ¶¶ 6-8, Exs. 1, 2; *see also* Management Agreement § 2.03, attached as **Exhibit 1**.[3]

---

[2]    In dismissing the Amended Complaint, this Court recognized that, under some statutes, "[l]iability may turn on operation as well as ownership." [D.E. 44] at 10 (quoting *United States v. Bestfoods*, 524 U.S. 51, 64 (1998)).  In that case, however, the Supreme Court explained that the language of the statute at issue defined who could be liable, "[i]f *the Act* rested liability entirely on ownership of a polluting facility, this opinion might end here; but **CERCLA liability** may turn on operation as well as ownership . . ." 524 U.S. at 64 (emphasis added).  Unlike FACTA, the CERCLA statute specifically provides that liability under the statute extends to "any person who at the time of disposal of any hazardous substance ***owned or operated*** any facility at which such hazardous substances were disposed of."  42 U.S.C. § 9607 (emphasis added).  In contrast, liability under 15 U.S.C. §1681c(g) extends only to the person who actually committed the violation.

[3]    This Court may properly consider the Management Agreement on a motion to dismiss because it is incorporated by reference in the SAC.  *See* SAC at ¶ 8.  "[W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal."  *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).  Here, the SAC directly refers to the Management Agreement and it is central to Plaintiff's claim because it governs the operation of the hotel.  *See SFM Holdings, Ltd. v. Banc of Am. Securities, LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010) (finding that the district court properly considered an account agreement on a motion to dismiss because the plaintiff referred to "account opening documents" in the complaint and "such relationship-forming contracts are central to a plaintiff's claim").

### 2. Plaintiff Fails to Allege a Basis to Pierce the Corporate Veil or Assert Vicarious Liability

Plaintiff fails to plead a basis to hold the Oprock Defendants liable under a veil piercing or vicarious liability theory. It is unclear exactly under what theory Plaintiff is proceeding, but Plaintiff alleges:

> Through a byzantine ownership and management structure, and primary use of the OPL legal entity name (*i.e.*, "Ocean Properties, Ltd.") and resources, Defendants operate their hotel businesses as a unitary enterprise. Defendants share common owners, managers, addresses, and resources, and use the OPL legal name when describing its business operations in a singular fashion.

SAC at ¶10. Plaintiff's allegations are insufficient to state a basis for disregarding the separateness of corporate entities. And Plaintiff makes no allegation that the Oprock Defendants are vicariously liable for the purported violations.

The only cognizable theory to disregard corporate separateness in Florida is to pierce the corporate veil, which requires Plaintiff to prove:

> (1) the shareholder dominated and controlled the corporation to such an extent that the corporation's independent existence, was in fact non-existent and the shareholders were in fact alter egos of the corporation;
>
> (2) the corporate form must have been used fraudulently or for an improper purpose; and
>
> (3) the fraudulent or improper use of the corporate form caused injury to the claimant.

*Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1349 (11th Cir. 2011). Under the Florida standard for piercing the corporate veil, a plaintiff must show "that the corporations are alter egos of each other without independent existence, but additionally, that the corporate form was used for an improper, if not, fraudulent purpose." *In re Homelands of DeLeon Springs, Inc.*, 190 B.R. 666, 670 (Bankr. M.D. Fla. 1995). Importantly, the instrumentality/alter ego doctrine cannot be used without showing that the corporate form was abused. *See id.*

Here, Plaintiff failed to allege a basis to disregard the corporate entities because there is no allegation of the abuse of the corporate form. Allegations of overlapping officers or directors and common addresses are insufficient as a matter of law to pierce the corporate veil and disregard the corporate separateness of the entities. *See*, *e.g.*, *Atmos Nation LLC v. Alibaba Group Holding Ltd.*, No. 0:15-cv-6214, 2016 WL 1028332, slip op. at *6 (S.D. Fla. Mar. 15, 2016) (finding the plaintiff insufficiently pled the elements for piercing the corporate veil for the where the plaintiff alleged the defendants "'operate as a single unit, sharing common ownership, [under] the Alibaba Group [,]' constituting a 'single operating and reporting segment,' and are 'agent [s]' of each other, 'maintain common office spaces and addresses among its various entities,' and are 'financially dependent' upon the Alibaba Group").

### III.   THE COURT SHOULD DISMISS THE CLAIM AGAINST THE OPROCK DEFENDANTS FOR FAILURE TO SEEK LEAVE TO ADD PARTIES

The Court should also dismiss the claims against the Oprock Defendants because Plaintiff never sought leave to bring them. The Court's Order Setting Trial and Pre-Trial Schedule (the "Scheduling Order") provides that all motions to join parties needed to be filed by August 16, 2016. [D.E. 29]. Plaintiff did not seek leave to add additional parties after that deadline. On August 15, 2016, the Court dismissed Plaintiff's Amended Complaint and allowed Plaintiff to amend the complaint by August 22, 2016 to add factual allegations against Defendant OPL:

> The Court, therefore, will allow Plaintiff an opportunity to amend his Amended Complaint to include a factual basis for the alternative forms of liability argued in his Response, or to plead facts sufficient to establish Defendant's operation or ownership of the Resort, notwithstanding the uncontested public documents that indicate otherwise.

[D.E. 44] at 11. The Order did not grant Plaintiff the opportunity to amend to add additional parties. *See id.* The Oprock Defendants, therefore, should be dismissed as defendants due to Plaintiff's failure to seek leave to add additional parties.

Moreover, even if Plaintiff had properly sought leave, he could not meet the standard for obtaining to amend to add additional parties after the expiration of the deadline in the Scheduling Order. Under Federal Rule of Civil Procedure 16(b), a "schedule may be modified only for good cause and with the judge's consent." Thus, where a party files a motion for leave to amend to add additional parties after the deadline for such motions in the court's scheduling order, "the party must show good cause why leave to amend the complaint should be granted." *See*, *e.g.*, *Sanchez v. H&R Maintenance, L.C.*, 294 F.R.D. 677, 678-79 (S.D. Fla. 2013) (denying motion to amend to add additional parties).

Under the good cause standard, modification of the schedule is precluded "unless the schedule cannot 'be met despite the diligence of the party seeking the extension.' " *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory committee's note)). "A finding of lack of diligence on the part of the party seeking modification ends the good cause inquiry." *Sanchez*, 294 F.R.D. at 679 (quoting *Lord v. Fairway Elec. Corp.*, 223 F. Supp. 2d 1270, 1277 (M.D. Fla. 2002)). Courts have considered three factors in assessing diligence: "1) the plaintiff failed to ascertain facts prior to filing the complaint and to acquire information during the discovery period; 2) the information supporting the proposed amendment was available to the plaintiff; and 3) even after acquiring information, the plaintiff delayed in asking for amendment." *Id.* Here, a review of the public records (that Plaintiff now attaches to his SAC) would have disclosed that Oprock Fee owns the resort property, Oprock TRS leases the property, and that GHM operates and manages the resort. In fact, Plaintiff knew of that information at least as of April 25, 2016 — nearly four months before the Scheduling Order deadline to add parties expired — because OPL's motion to dismiss the original complaint explicitly stated that information **and** attached public records demonstrating those facts. *See*

[D.E. 9]. Thus, even if Plaintiff had properly sought leave, Plaintiff could not show good cause to amend to add additional parties.

## IV. CONCLUSION

WHEREFORE, for the foregoing reasons, the Oprock Defendants respectfully request that the Court dismiss the claim against them with prejudice.

Respectfully submitted,

By: /s/Jason Kellogg
Stuart I. Grossman, P.A.
Florida Bar No. 176699
Primary email: sig@lklsg.com
Jason K. Kellogg, P.A.
Florida Bar No. 0578401
Primary email: jk@lklsg.com
Victoria J. Wilson, Esq.
Florida Bar No. 092157
Primary email: vjw@lklsg.com
LEVINE KELLOGG LEHMAN
SCHNEIDER + GROSSMAN LLP
201 South Biscayne Boulevard, 22nd Floor
Miami, FL 33131
Telephone: (305) 403-8788
Facsimile: (305) 403-8789

*Counsel for Defendants Oprock Jupiter Fee LLC and Oprock Jupiter TRS LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 11, 2016, I served the foregoing to all counsel of record via CM/ECF.

/s/Jason Kellogg
Jason Kellogg