UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 9:16-cv-80502-Bloom/Valle

| | |
|---|---|
| JUSTIN BOUTON, individually and, on behalf of others similarly situated, </br></br> Plaintiff, </br></br> v. </br></br> OCEAN PROPERTIES, LTD., a foreign corporation, OPROCK JUPITER FEE, LLC, a foreign limited liability company, OPROCK JUPITER TRS, LLC, a foreign limited liability company, and GHM JUPITER, LLC, a foreign limited liability company. </br></br> Defendants. | **CLASS ACTION** </br></br> **JURY TRIAL DEMANDED** |

## DEFENDANT, OCEAN PROPERTIES, LTD.'S SURREPLY IN OPPOSITION TO PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE COURT'S MAY 16, 2017 SEALED ORDER

First, OPL has not, nor has it ever been, held in contempt by Magistrate Judge Valle. Nor has OPL had "contempt for Magistrate Judge Valle's orders." OPL, with no practical ability to do so, tried to voluntarily gather information from hotel entities this Court has identified as separate and legally distinct to comply with Judge Valle's April 19 Discovery Order. When OPL did not have the practical ability to obtain information from non-parties, OPL followed the procedurally proper method by filing an objection to magistrate Judge Valle's discovery order— which was granted. This is hardly "contempt" as Plaintiff describes. The record is clear that OPL has complied in good faith with all Plaintiff's discovery requests, which are onerous for OPL under the circumstances of this case.[1]

---

[1] OPL has incurred expense in the hundreds of thousands of dollars in a case that OPL does not belong—Plaintiff has known for the balance of this litigation from public records that

1

Second, Plaintiff's suggestion that OPL has not denied that OPL, PCFSI, or Peninsular have the practical ability to obtain the information requested is patently false. Declarations of Rich Ade and Mike Walsh show OPL has absolutely no ownership, control or operation of the Jupiter Beach Resort or the 11 other hotels.  Further, OPL, PCFSI, and Peninsular do not have any employees or agents at the Jupiter Beach Resort or any of the 11 other hotels. The record does not contain evidence otherwise.[2]  The class data Plaintiff requests is owned and controlled by separate legal entities from OPL, PCFSI, or Peninsular. The data Plaintiff seeks is located on site, under the control of a general manager.

Third, Plaintiff also misstates the testimony by arguing that PCFSI's IT directors have access to the hotels' credit card systems. The testimony of Lazenby and Rich was that they could provide Oracle with access to the servers, but they both made it clear that in the ordinary course of business they never access the requested info, cannot provide access without the hotels owner's consent and do not know how to use or operate the front-end Opera software.[3]

Fourth, Plaintiff has not requested, and Magistrate Judge Valle has not ordered OPL to produce management agreements for the other 11 hotels.  OPL is not a party to any management agreements Plaintiff now argues should be produced (in fact, OPL is not a party to any contract that could be at issue in this case—there are no contracts with Oracle, with the Jupiter Beach Resort, or with any of the 11 other hotels).  Magistrate Judge Valle only ordered OPL to

---

OPL does not own, operate, or manage the Jupiter Beach Resort.  Worse, Plaintiff learned through Oracle's email production that the purported FACTA violation was solely the fault of Oracle, whose software modifications were "intended" functionality.

[2] For good reason—there are no contracts and no other evidence exists.  Similarly, Plaintiff does nothing to dispute the clear fact that the overlapping ownership is owned in minority amounts by Walshes and that the Walsh siblings do not control the Walsh Family Trusts.

[3] The record is also clear that that neither PCFSI, nor Lazenby nor Rich had anything to do with production of folios at any hotel. Rather the testimony makes it irrefutable that Oracle actually installed its defective software.

"explain" the relationship. [DE 219-1]. When OPL's prior supplemental discovery response regarding the 10-12 hotels was deemed incomplete, OPL further explained its relationships by providing the declaration of Mike Walsh, which expressly identifies the legal entities' names and percentages of Walsh ownership.[4] See Mike Walsh Declaration [DE 208]. There has never been a holding or argument made to Magistrate Judge Valle that "explanation of the relationship" equates to production of documents Plaintiff never requested. Plaintiff's suggestion otherwise is improper.

Fifth, OPL did provide a list of entities (which is in the record in Mike Walsh's declaration [DE 208] at Exh. 4) for Plaintiff so that Plaintiff could effectuate service and afford non-party entities due process. OPL even included the registered agents for service of process. Id.

Sixth, the only discovery Plaintiff seeks after the June 8 class discovery cutoff, which is more thoroughly analyzed in OPL's motion for Protective Order [DE 256], is for additional class-related discovery. Mike Walsh's explanations of non-party entities' relationship to OPL have nothing to do with non-class (or merits) discovery. See [DE 208] at 3-9. The class deadline passed weeks ago—on June 8, 2017. In short, OPL is not obstructing discovery on class data sought after the class deadline expired. And, OPL has again followed the proper procedural mechanism by moving for a protective order pursuant to Rule 26(c) to stop these harassing requests.[5]

---

[4] His declaration was given only after he had attempted to comply with discovery orders, and the declaration was provided to this Court to show first-hand the attempts made to obtain documents and data from legally distinct non-party entities. Involving the top-ranking person at a corporation to take on the burden to personally assist with discovery and document his inability to do so hardly demonstrates "gamesmanship," as Plaintiff describes.

[5] Counsel for OPL has repeatedly asked why—aside from class discovery—Plaintiff wants to re-depose Mr. Ade or depose Mike Walsh and Patrick Walsh. But Plaintiff has flatly

Seventh, Plaintiff's characterization of Mr. Ade's testimony is incorrect and does not warrant relief. Mr. Ade's declaration accurately states that an OPL-subsidiary has management agreements for 5 of the 11 other hotels. Plaintiff cherry-picks language from GHM's management agreement with the Jupiter Beach Resort & Spa to suggest that various management companies have unfettered rights with regard to each hotel. Not so. As this Court properly recognized, management companies do not control the owners of the hotels. In fact, it is the owners of the resorts that control the management companies.[6] Under GHM's management agreement for the Jupiter Beach Resort, it is clear that the ownership Owner (Fee) and Lessee (TRS) directs the management company. Specifically, the management company must obtain the "Lessee's approval" for a number of tasks, including "the defense of any claim. . . ." [DE 92-3] at p.13. Thus, as was the case for GHM Jupiter, LLC, to produce class data as to the Jupiter Beach Resort & Spa, the "Lessee" (in this case, <u>Defendant</u> TRS) consented to providing the data.[7] The non-party owners of the other 11 hotels did not consent to Mike Walsh's request.

Finally, even assuming Plaintiff can attempt to introduce new evidence to support reconsideration in an objection/appeal (which OPL disputes), Plaintiff's Reply virtually admits that there is no "newly discovered" evidence to support reconsideration. The Court should reject what amounts to merely rearguing what this Court has already ruled on and deny Plaintiff's Motion for Reconsideration.

                                          Respectfully submitted,
                                          SHUTTS & BOWEN, LLP
                                          200 South Biscayne Boulevard, Suite 4100

---

refused to articulate a merits-related reason. Plaintiff had a year to procure and prove its case from the proper entities.

[6] Ocean Properties, Ltd. does not have control of the ownership for any of the 12 hotels purportedly at issue in this case, nor does OPL have any management agreements.

[7] The same entities in the ownership structure (the Lessee—TRS), not the management companies (GHM), purchased the defective Oracle upgrade.

4

        Miami, Florida 33131
Telephone: 305-379-9116
Facsimile: 305-347-7780
*Attorneys for Defendant*

By:  s/ Jake Monk
      Frank A. Zacherl
      Florida Bar No. 868094
      fzacherl@shutts.com
      Jake Monk
      Florida Bar No. 100321
      jmonk@shutts.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 20, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        s/ Jake Monk
         Jake Monk

## **SERVICE LIST**

Keith Keogh
Michael R. Karnuth
Keogh Law, LTD
55 W. Monroe Street
Suite 3393
Chicago, IL 60603
312-726-1092
Keith@KeoghLaw.com
MKarnuth@KeoghLaw.com

Bret Leon Lusskin, Jr.,
Bret Lusskin, P.A.
20803 Biscayne Blvd.
Suite 302
Aventura, FL 33180

954-454-5841
blusskin@lusskinlaw.com

Scott David Owens
Patrick Crotty
Sean Holas
Scott D. Owens, P.A.
3800 S. Ocean Drive
Suite 235
Hollywood, FL 33019
954-589-0588
scott@scottdowens.com
patrick@scottdowens.com
sean@scottdowens.com

Stuart I. Grossman, P.A.
Jason K. Kellogg, P.A.
Victoria J. Wilson, Esq.
LEVINE KELLOGG LEHMAN
SCHNEIDER + GROSSMAN LLP
201 South Biscayne Boulevard, 22nd Floor
Miami, FL 33131
Telephone: (305) 403-8788
Facsimile: (305) 403-8789
sig@lklsg.com
jk@lklsg.com
vjw@lklsg.com