# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 16-cv-80502–BLOOM/Valle

JUSTIN BOUTON,

      Plaintiff,

vs.

OCEAN PROPERTIES, LTD, *et al.*,

      Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Reconsideration of the Court's May 16, 2017 Sealed Order, ECF No. [243] ("Motion"). The Court has reviewed the Motion, all supporting and opposing filings, the record in this case, and is otherwise fully advised in the premises. For the reasons that follow, the Motion is denied.

Plaintiff seeks reconsideration of the Sealed Order, ECF No. [235], which sustained Defendant Ocean Properties, Ltd.'s ("OPL") Objection to the April 19, 2017 Discovery Order ("Objection") issued by Magistrate Judge Valle and denied Plaintiff's Motion to Compel documents in response to his Request for Production Numbers 2, 4, and 5. *See* ECF No. [235] at 13. In reaching this conclusion, the Court found that "Plaintiff failed to satisfy his burden to prove that OPL has possession, custody, or control over the requested documents belonging to the twelve hotels." *Id.* Plaintiff now asks the Court to reverse that ruling, arguing that "newly produced evidence confirms Judge Valle's findings and conclusions," that the Declaration of Michael Walsh submitted in support of OPL's Objection "admits that OPL's owners and their trusts own and control the entities which own 10 of the 12 hotels," and that the Court overlooked

evidence establishing OPL's practical ability to access the requested data. *See* ECF No. [243]. In response, OPL argues that Plaintiff's Motion is nothing more than a re-argument of old evidence and an improper submission of new evidence despite the quasi appellate nature of the current proceedings. The Court agrees with OPL.

A district judge may overrule a magistrate judge's discovery ruling upon finding that it is "clearly erroneous or contrary to law." S.D. Fla. L. Mag. R. 4(a)(1); *see* Fed. R. Civ. P. 72(a) (district judge "shall modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law"); *Wausau Underwriters Ins. Co. v. Danfoss, LLC*, 310 F.R.D. 689, 690 (S.D. Fla. 2015). The "'clearly erroneous' review is very different from the *de novo* review and adoption of a Report and Recommendation on a dispositive Order, and more closely resembles an appellate function." *Combs v. Town of Davie*, 2007 WL 676102, at *2 (S.D. Fla. Feb. 28, 2007). "[I]t is inappropriate for a District Court to consider materials not before the Magistrate Judge in reaching the conclusion that the Magistrate Judge's decision was clearly erroneous." *Id.* (citing *Haines v. Liggett Group, Inc.*, 975 F.2d 81 (3d Cir. 1992)); *see also Williams v. McNeil*, 557 F.3d 1287 (11th Cir. 2009) ("[W]e hold that a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge."); *Ladd v. City of West Palm Beach*, No. 14-80662-CIV, 2015 WL 13310404, *1 (S.D. Fla. Nov. 18, 2015) ("At the outset, the Court declines to consider arguments raised for the first time in Plaintiff's Objections, as doing so nullifies the Magistrate Judge's consideration of the matter."); *Malibu Media, LLC v. Pelizzo*, No. 12-22768-CIV, 2014 WL 11456462, *2 (S.D. Fla. March 28, 2014) (finding that "the Court is by no means under an obligation to address the new arguments" raised in the objection to the magistrate's report and recommendation); *Maale v. Kirchgessner*, No. 08-80131-CIV, 2012 WL 2254083, *6 (S.D. Fla.

May 29, 2012) (finding that the objecting party forfeited its right to raise arguments by failing to produce evidence in support of that argument to the magistrate judge in the first instance). Policy reasons also support the notion that a district judge should not consider arguments raised for the first time during the objection process. *Combs*, 2007 WL 676102 at *2. The underlying purpose of referring non-dispositive motions to the paired magistrate judge is to increase efficiency. *Id.* However, if a party were allowed to fully re-litigate every pretrial order issued by a magistrate, it would undermine the purpose of the referral system. *Id.*

In the Sealed Order, the Court limited its analysis to the specific arguments and evidence presented to Judge Valle in connection with the Discovery Order. *See* ECF No. [235]. The Court declined to consider any argument or evidence presented for the first time in OPL's Objection, ECF No. [206], Plaintiff's Response to the Objection, ECF No. [219], or OPL's Reply, ECF No. [224]. Here, Plaintiff's Motion is almost entirely premised upon the presentation of new evidence, none of which was presented to Judge Valle. In large part, Plaintiff relies upon the Declaration of Michael Walsh – a declaration that Plaintiff vehemently objected to in its Response to OPL's Objection. *See* ECF No. [219] at 13 (emphasis added) ("As this declaration *was not timely submitted or considered by Magistrate Valle, it should not be considered now*."); ECF No. [219] at 17 (emphasis added) ("OPL's reliance on a post-hearing, 12-page declaration from OPL's president . . ., which it filed with its objection (*which Judge Valle did not, nor could, consider*) . . . , *is improper*."); ECF No. [219] at 19 (emphasis added) ("OPL's injection of its eleventh hour declarations from Michael Walsh and Richard Ade do not illuminate the true nature of OPL's connections to these entities. *Besides being untimely*, the declarations are fraught with inconsistencies with the record and OPL's prior representations, and omit undisputed information."). Despite Plaintiff's repeated objections to Mr. Walsh's

Declaration, Plaintiff has made it the central feature of his Motion. Because the Court did not consider Mr. Walsh's Declaration when ruling upon OPL's Objection, the Court likewise declines Plaintiff's request to consider it now.

Also in support of the Motion, Plaintiff filed numerous other documents that Plaintiff states were recently produced, such as emails from Cliff Lazenby, *see* ECF No. [243-1], and a contract signed by Cliff Lazenby, *see* ECF No. [243-2]. Consideration of this "new evidence" would also be improper at this juncture of the proceedings. When reviewing Judge Valle's Discovery Order, this Court sits in an appellate-like capacity and will not allow the parties to litigate the issues anew. To do so would eviscerate the purpose underlying the referral of non-dispositive motions to magistrate judges. For the same reason, the Court will not consider the remaining exhibits submitted by Plaintiff consisting of corporate documents for various hotel entities from www.sunbiz.org, the article from the Business Observer, or the domain registration documents from www.godaddy.com for various websites. *See* ECF Nos. [243-3], [243-4], [243-5], [243-6], [243-7], [243-8], [243-9], [243-10], [243-11], [243-12], [243-13], [243-14], [243-15], [243-16], [243-17], [243-18], [243-19], and [243-20]. Although Plaintiff lumps these documents into the "new evidence" category, the Court finds that Plaintiff, through the exercise of diligence, had ample ability to present these to Judge Valle prior to the issuance of the Discovery Order, but failed to do so. Indeed, corporate documents from www.sunbiz.org are public record. Similarly, several of the exhibits at issue, such as the domain registrations from www.godaddy.com, were discussed during the deposition of Richard Ade. Even though Plaintiff relied upon the deposition of Mr. Ade when seeking to compel the documents at issue, Plaintiff only filed Mr. Ade's deposition testimony and never filed the deposition exhibits. *See* ECF Nos.

[153-3], [166-3]. Plaintiff's belated presentation of evidence - evidence clearly available at the time this discovery dispute was before Judge Valle – is not grounds for reconsideration.

Here, the Court limits its review of Plaintiff's Motion to those arguments and evidence timely submitted to Judge Valle. "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Wendy's Int'l, Inc. v. Nu-Cape Const., Inc.*, 169 F.R.D. 680, 685 (M.D. Fla. 1996); *see also Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1290 (S.D. Fla. 2012). "A motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992). "Motions for reconsideration are appropriate where, for example, the Court has patently misunderstood a party." *Compania de Elaborados de Cafe v. Cardinal Capital Mgmt., Inc.*, 401 F. Supp. 2d 1270, 1283 (S.D. Fla. 2003); *see Eveillard v. Nationstar Mortgage LLC*, No. 14-CIV-61786, 2015 WL 1191170, at *6 (S.D. Fla. Mar. 16, 2015). "[T]he movant must do more than simply restate his or her previous arguments, and any arguments the movant failed to raise in the earlier motion will be deemed waived." *Compania*, 401 F. Supp. 2d at 1283.

Plaintiff advances two main arguments: (1) OPL/PCFSI's IT Directors had access to each of the twelve hotel's credit card systems to implement the upgrade at issue in 2015 and to then repair that issue in 2016 and (2) entities affiliated with the Walsh family manage all twelve hotels. Although Plaintiff argues that the Court overlooked this evidence, the Sealed Order specifically addressed these issues, finding that Plaintiff failed to carry his burden on both. As to the first issue, the Court specifically addressed PCFSI's role in providing information technology services for the management companies at multiple hotels and found that "PCFSI may have the

ability to access certain hotel data because of the information technology or other services it supplies to certain hotel management companies, this does not demonstrate that PCFSI has unfettered access to and control of all documents belonging to its clients without their consent." *See* ECF No. [235] at 11. Far from overlooking this argument, the Court considered and rejected it. This does not, therefore, provide Plaintiff an avenue for relief.

Similarly, the Sealed Order analyzed and ultimately rejected Plaintiff's second argument regarding the Walsh family's ownership of or affiliation with various management companies. The only evidence presented to Judge Valle on this subject was OPL's ownership of Peninsular, which in turn manages five of the twelve hotels at issue.[1] Without the management contracts, the Court already found that a management relationship, standing alone, does not demonstrate that Peninsular had the practical ability to produce or control the documents of the five hotels it manages. The burden was on Plaintiff, as the party seeking the discovery, to present this information to Judge Valle; yet no such evidence was filed in the record. Now, arguing that the Court overlooked this evidence, Plaintiff cites to the deposition testimony of Richard Ade to argue that all management contracts with the eleven other hotels are identical to GHM's management contract with the Jupiter Beach Resort. Plaintiff states that GHM's management contract gives it access to Jupiter Beach Resort's documents; therefore, the contracts for

---

[1] Plaintiff did not present any specific evidence to Judge Valle regarding the management relationship between OPL and the other seven hotels, with the exception of the Jupiter Beach Resort. Plaintiff argues that "Mr. Ade expressly testified that 'all 12 hotels' are managed by companies that are owned, controlled or affiliated with OPL's owners." *See* ECF No. [243] at 17. However, Plaintiff overstates Mr. Ade's deposition testimony. Mr. Ade testified that all 12 hotels are managed by an entity "affiliated with Walsh family members." *See* ECF No. [151-7] at 64:23-25. Plaintiff did not present any evidence to Judge Valle regarding the scope and extent of that affiliation. The Court's review of the deposition testimony upon which Plaintiff relies does not explain whether this affiliation means that the Walsh family members, who own OPL, own 1% of the management companies or 100% of the management companies. Similarly, the Court cannot determine whether the Walsh family affiliation with the management companies is one of ownership, employment, directorship or some combination of these. Such generalized deposition testimony, without more, does not carry the day on this issue. To the extent that Plaintiff now endeavors to provide "new evidence" relating to the ownership or control over the management companies, the Court again declines to consider such evidence at this point in the discovery proceedings.

Peninsular and the other management companies allow them access to the requested information. The Court's review of the specific testimony cited by Plaintiff reveals that Mr. Ade was asked about GHM's management fees for the Jupiter Beach Resort in relation to operating profit of the hotel.  *See* ECF No. [153-3] at 70:15 – 71:9.  Immediately following that line of questioning, Mr. Ade was then asked whether the other management companies had similar terms in their management contracts, referring to the management and incentive fees.  *Id.*  Plaintiff has not directed the Court to any specific testimony from Mr. Ade revealing that Peninsular's management contracts were, in all respects, substantially similar to GHM's management contract or that Peninsular's management contracts gave it control or access to all documents.  Again, without evidence of the contracts or specific testimony relating to Peninsular's role as the management company, the link in the production chain is still missing.  Plaintiff was required to provide this evidence to Judge Valle to prevail on the discovery dispute, but Plaintiff's evidence, as explained in the Sealed Order, fell short.

It is therefore **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [243]**, is **DENIED**.[2]

**DONE AND ORDERED** in Miami, Florida this 21st day of June, 2017.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT COURT**

Copies to:

Magistrate Alicia O. Valle

---

[2] The Court notes that Plaintiff's Motion makes reference to a prior discovery order, ECF No. [137], entered by Judge Valle relating to OPL's connections with each hotel, and Plaintiff asks the Court for permission to obtain discovery into these issues.  *See* ECF No. [243] at 9, n. 7; 13, n.10.  Neither party objected to that specific discovery order; therefore, consideration of ECF No. [137] is not properly before this Court.

Counsel of Record